JAMES C. DAVIS, AGENT, ET AL. *v.* WELCH, ADMIN-
ISTRATRIX.

[No. 11,630.    Filed June 26, 1923.    Rehearing denied October 2,
1923.]

1. NEGLIGENCE.— *Evidence.— Sufficiency. — Complaint.* — Where
there is any competent evidence tending to establish any one
of several acts of negligence charged in the complaint and if
the injury is the proximate result of such negligence, it is
sufficient to sustain the verdict.  p. 335.

2. RAILROADS.— *Negligence.— Crossing Accidents.— Evidence.—
Sufficiency. — Complaint. — Proximate Cause.* — In an action
against a railroad company for damages for an accident occur-
ring at a highway crossing, where several acts of negligence
are charged in the complaint, one of which alleges that the
crossing had become and remained out of repair, and the evi-
dence shows that such crossing was in bad repair at the time
of the accident, *held* the evidence sufficient to establish the
fact of negligence in maintaining the crossing and to support
a finding that such negligence was the proximate cause of the
accident.  p. 335.

From Floyd Circuit Court; *John M. Paris,* Judge.

Action by Mary C. Welch, Administratrix, against
James C. Davis, Agent, and others.    From a judgment
for plaintiff, the defendant appeals.    *Affirmed.*

*Charles L. Jewett, Henry E. Jewett, Walter V.
Bulleit, Morison R. Waite* and *William A. Eggers,* for
appellants.

*George C. Kopp, L. A. Douglas* and *Stotsenburg,
Weathers & Minton,* for appellee.

ENLOE, P. J.—This was an action by the appellee
against the appellants to recover damages for the death
of her husband, who was killed by reason of being
struck at a public highway crossing, by a train on the
Baltimore and Ohio Railroad.

The complaint, which was in three paragraphs, was
answered by general denials.    The cause was submit-
ted to a jury which returned its verdict in favor of

the appellee.    The error assigned is the overruling of the motion for a new trial.

The acts of negligence charged in the first paragraph of the complaint were:    (a)  failure to sound the whistle for said crossing; and (b) failure to ring the bell on said locomotive as the train approached said crossing.    The negligence charged in the second paragraph of the complaint, was the failure to stop said train after the engineer discovered the deceased on the track of said railroad, and in a position of peril.    The negligence charged in the third paragraph was, in addition to the failure to ring the bell or sound the whistle, the allowing of said crossing to become and remain out of repair, thereby rendering the use of said crossing "difficult, unsafe and dangerous and difficult to cross with vehicles," thereby delaying the reasonably speedy crossing thereof.

Counsel for the appellants in their brief filed herein say:   "We present this case to the court *solely upon the evidence.*    Aside from the question as to whether the whistle on the locomotive was blown, there was no evidence whatever to sustain the verdict.    We candidly state   *   *   *   that the sufficiency of the evidence, or rather, its insufficiency, is the sole matter to be considered."

If there was any competent evidence tending to establish any one of several acts of negligence charged in the complaint, and if the deceased came to his

1.   death, as the proximate result of such act of negligence, then the verdict of the jury must stand.

One of the acts of negligence charged was in reference to the condition in which said highway crossing was maintained.    In this connection we note

2.   that one witness testified concerning the crossing that there was a hole or ditch between the cross-

ing boards; that the inside board was six feet shorter than the outside board; that six feet of the board was gone. Another witness, testifying concerning these boards, said: "If a person drove up there and supposed the board was the same length as the other part, he would drop off the depth of the rail." Another witness testified that: "When Welch drove away I noticed him; he got on the railroad track; it seemed like about the time he hit the track his machine came to a stop, * * *, his car choked down; it was done so quick a fellow could not tell whether it stopped dead, or choked down on the crossing; it stood there for a few seconds and the engine hit him."

This evidence, we think, is abundantly sufficient to establish the fact of negligence in the matter of maintaining said crossing, and furnished the jury a basis for finding that such negligence was the proximate cause of decedent's death; it therefore supports the verdict as rendered by the jury.

The judgment is affirmed.